UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-26355-CIV-SINGHAL

MARIO TASSE CHAMORRO,

Petitioner,

v.

UNITED STATES IMMIGRATION
CUSTOMS ENFORCEMENT,

Respondent.
_________________________________/

**ORDER**

**PETITIONER MARIO TASSE CHAMORRO** was taken into immigration custody on May 20, 2026. He argues that his detention violates his due process rights. He also asserts that he entered the country legally as a parolee.

As the Supreme Court has affirmed, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). "[D]eportation proceedings 'would be [in] vain if those accused could not be held in custody pending the inquiry into their true character.'" *Id.* (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). As for the length of Petitioner's detention, the government may detain "deportable aliens during the limited period necessary for their removal proceedings." *Id.* The government may also detain aliens post-removal order as long as is "reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The Supreme Court has held that detention for less than six months pending removal, *Zadvydas,* 533 U.S. at 701, and pending removal proceedings, *Demore*, 538 U.S. at 529-31, is presumed reasonable, and

therefore constitutional. Petitioner's current detention started on May 20, 2026—four months ago—so it is still presumed reasonable. Petitioner also does not provide any reason to believe he will not be removed in the "reasonably foreseeable future." *See id.* Petitioner's detention does not violate due process. Even if Petitioner is detained for up to six months, he is not automatically entitled to release. Then he must produce evidence to show he is not likely to be removed in the foreseeable future. *Id.* Only then does the burden shift to the government.

As for Petitioner's claim that he entered the country legally as a parolee, parole is not the same thing as admission. *See* 8 U.S.C. § 1225(d)(5)(A). "[W]hen the purposes of such parole shall . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled." *Id.* "[A]liens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (citation modified). Petitioner does not explain the current status of his parole, but the mere fact that Petitioner was previously paroled into the United States does not entitle him to additional rights now.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED.** The Clerk's Office is directed to **CLOSE THIS CASE** and deny any pending Motions as moot.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 16th day of September 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF and via U.S. Mail to:

Mario Tasse Chamorro
A# 234-263-344
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101